[Civ. No. 6200. Second Appellate District, Division One.—February 4, 1929.]

AMELIA R. CURTIS, Respondent, v. AL WASEM et al., Appellants.

L. Kearney for Appellants.

Edward T. Sherer and Welburn Mayock for Respondent.

CRAIL, J., *pro tem.*—This is an action on a promissory note. No question is raised as to the execution and delivery of the note to the payee, David Robbins. The plaintiff is his sister and alleges that she is his assignee. As a defense the defendants set up in their answer that the note was without consideration and was delivered to David Robbins conditionally; that the note was a part of a transaction whereby he conditionally sold his confectionery store at Clifton, Arizona, to defendants; that the sale was not to be completed and the note was not to become a promissory note unless Robbins should die in the military service of the United States and in that event only should the defendants become liable for payment of said note; that he was discharged alive from military service, but failed to return the note or take back his confectionery.

It was set up in the complaint that the note, before maturity, for a valuable consideration, was sold and delivered to the plaintiff; but this position was abandoned by the plaintiff and nothing further need be said on this issue.

The parties went to trial on the affirmative defenses set forth in the answer. The court found for the plaintiff as to all the facts set forth in said defenses and entered judgment accordingly.

It is the first contention of appellants that the plaintiff and her brother both testified that there was a written assignment of the note, and that this evidence was stricken out as a conclusion and not the best evidence, yet the plaintiff did not show any effort to get the written assignment nor lay any foundation for the introduction of oral evidence as to the contents of the written assignment; and that this constituted a complete failure of proof, as to the assignment. There is other evidence, however, including an indorsement in blank on the back of the note and an identification of the signature of David Robbins thereon. Such a signature of the indorser without additional words is a sufficient indorse-

ment (Civ. Code, sec. 3112), and such an indorsement is an assignment in writing.

It is next contended that the attorney fee allowed by the trial court was excessive and illegal. The note provided that a designated per cent of the amount found to be due on the note should be added for attorney's fees, if suit were brought to recover on the note. A fee was allowed by the court on this basis. The basis was not illegal and under the circumstances not excessive. It is next contended that the interest allowed by the court was excessive. However, respondent has voluntarily remitted all in excess of the amount which appellants claim as the correct sum. And by computing the attorney's fees on this sum, the judgment, not remitted, stands at $3,604.63, including interest and attorney's fees, on the date of its entry.

It is next contended that plaintiff should have been compelled to answer the question, what became of the $11,000 she held along with the note sued on herein. We have read the transcript. The question was irrelevant. Furthermore it was waived.

It is next contended that the trial court erred in striking out an answer of one of the witnesses on the ground that the answer was the conclusion of the witness. A reading of the transcript makes it clear that the answer was a mere conclusion and that the ruling was correct. Other assignments of error are mere repetitions of the points already covered, raised in different form or at different stages of the trial. There is no merit in the appeal.

Judgment affirmed.

Houser, Acting P. J., and York, J., concurred.